

Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Haley Southee
_____
                                      Plaintiff
            vs.

D.C. Metropolitan Police Officer Brian Varga, et al.,
_____
                                      Defendant

Case Number  2021 CA 000202 B

## SUMMONS

To the above named Defendant: _District of Columbia_
_Serve: Karl Racine, Attorney General_

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James A. DeVita, Esq. #370578
_____
Name of Plaintiff's Attorney

2111 Wilson Boulevard, #700
_____
Address
Arlington, VA 22202

7033515015
_____
Telephone

*Clerk of the Court*

By _____
                Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
(202) 879-4828    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

---
Haley Southee
---
Plaintiff
vs.

---
D.C. Metropolitan Police Officer Brian Varga, et al.,
---
Defendant

Case Number  2021 CA 000202 B

## SUMMONS

To the above named Defendant: *District of Columbia*
*Serve: Muriel Bowser, Mayor*

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**James A. DeVita, Esq. #370578**
Name of Plaintiff's Attorney

**2111 Wilson Boulevard, #700**
Address
Arlington, VA 22202

**7033515015**
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                                                      Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Haley Southee
_____
                                    Plaintiff
                vs.

D.C. Metropolitan Police Officer Brian Varga, et al.,
_____
                                    Defendant

Case Number  2021 CA 000202 B

**SUMMONS**

To the above named Defendant: Brian Varga

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James A. DeVita, Esq. #370578
_____
Name of Plaintiff's Attorney

2111 Wilson Boulevard, #700
_____
Address
Arlington, VA 22202
_____

7033515015
_____
Telephone

*Clerk of the Court*

By _____
                Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
[Korean], (202) 879-4828 [Amharic]    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
01/23/2021 15:39AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DVISION

| | | |
|---|---|---|
| HALEY SOUTHEE<br>5001 Caryn Court, #104<br>Alexandria, Virginia 22312<br><br>    Plaintiff<br><br>v.<br><br>D.C. METROPOLITAN<br>POLICE OFFICER BRIANA VARGA<br>Narcotic and Special Investigations Division<br>1400 I Street, NW., Suite 700<br>Washington D.C. 20005<br><br>And<br><br>THE DISTRICT OF COLUMBIA<br><br>Serve:<br><br>Muriel Bowser<br>Mayor of the District of Columbia<br>1350 Pennsylvania Avenue N.W.<br>Washington, D.C. 20004<br><br>and<br><br>Karl Racine<br>Attorney General of the<br>District of Columbia<br>441 4th Street. N.W.<br>Washington, D.C. 20001<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2021 CA 000202 B |

## COMPLAINT

Plaintiff states that:

## THE PARTIES

1. Plaintiff is an individual who resides at 5001 Caryn Court, #104, Alexandria, Virginia 22312.

2. Defendant Briana Varga is an individual with a business address at 1400 I Street, N.W., Washington, D.C. 20005.

3. Defendant District of Columbia is a municipal corporation.

## SUBJECT MATTER JURISDICTON

4. This Court has subject matter jurisdiction pursuant to D.C. Code Section 11-921.

## PERSONAL JURISDICTON

5. This Court has personal jurisdiction over defendants because defendants pursuant to District of Columbia Code Section 13-423 because defendants regularly transact business in the District of Columbia and because defendants caused tortious injury to plaintiff by an act or omission occurring in the District of Columbia.

## FACTS

6. On or about June 1, 2020, Muriel Bowser, Mayor of the District of Columbia, imposed a curfew. Citing the fact that numerous businesses, vehicles, and government buildings had been vandalized, burned or looted and that rioting had occurred in Northeast D.C., upper Northwest D.C. stretching to Georgetown, the Golden Triangle Business Improvement District, Downtown DC. Business Improvement District, and the Mt. Vernon Triangle Community District in the two days prior to June 1, 2020, Mayor Bowser imposed a "District-wide" curfew from Monday June 1, 2020 beginning at 7:00

p.m. to Tuesday June 2, 2020 at 6:00 a.m. and from Tuesday June 3, 2020 beginning at 7:00 p.m. to Wednesday June 3, 2020 at 6:00 a.m. The curfew prohibited people from walking, biking, running, loitering, standing or driving on any street, alley, park, or other public place during the hours of the curfew. Exceptions were made for health care personnel, working media, voters, poll workers, and those needing urgent medical care. Anyone caught violating the curfew would be subject to a criminal fine of up to $300.00 and up to ten days in jail. No exceptions were made for individuals exercising their First Amendment right to freedom of speech or freedom of assembly. In imposing this curfew, Mayor Bowser cited D.C. Code Section 7-2304 which permits the Mayor to "direct any group of persons" to "remain off the public streets in the event that "any public emergency requires that the Mayor institute a curfew."

7. The curfew law issued by Mayor Bowser on June 1, 2020 is unconstitutional because it is vague and overbroad. It is vague because it criminalizes conduct which is ordinarily innocent such as walking, biking, running, and standing and because it gives the police unfettered discretion to arrest individuals who have not engaged in any criminal activity. The curfew law issued by Mayor Bowser on June 1, 2020 is also unconstitutional because it is overly broad and not reasonably calculated to achieve its goals of preventing vandalism, looting, burning and rioting. As noted above, the curfew law did not contain any exceptions for individuals engaged in protected speech and assembly, thus insuring that individuals who were doing nothing other than exercising their constitutional rights would be arrested.

8. On or about June 1, 2020 at approximately 11:00 p.m., while at or near the 1400 block of Swann Street, N.W., Washington, D.C. 20009, near Lafayette Park and the

White House, plaintiff was standing with a group of like-minded citizens protesting the treatment of African American citizens by the police. Plaintiff was shouting "Black Lives Matter" and saying the names of individuals that she believed had been killed by police officers without legal justification such as George Floyd and Breonna Taylor. As such, plaintiff was engaged in political speech protected by the First Amendment to the United States Constitution and was assembled with others for that purpose.

9. Despite the fact that plaintiff was not engaged in any criminal activity, she was arrested by Defendant Metropolitan Police Officer Briana Varga and charged with violation of the curfew law promulgated by Mayor Bowser. Prior to the time that she was arrested, plaintiff had attempted to leave the area and to return home in compliance with the curfew law, but she was prevented from doing so by Officer Varga and other members of the D.C. Metropolitan Police Department who continually blocked the path of the demonstrators and refused to allow them to leave. This treatment by the police is, of course, in marked contrast to the manner in which the individuals who invaded the United States Capitol on January 6, 2021 were treated, virtually all of whom were permitted to disburse and were not immediately arrested for violation of the District's curfew law.

10. After he was arrested, plaintiff was transported to the Blue Plains Police Academy where she was held with her hands handcuffed behind her back until he was arraigned and released the next morning.

11. All charges brought against plaintiff were subsequently dismissed on October 2, 2020.

12. Officer Varga was acting with the scope of her employment at the time of

the arrest. The actions of Officer Varga may have been motivated by actual malice, conscious and deliberate violence and wrongdoing, evil or wrongful motive, intent to injure and ill will.

13. As a result of the false arrest and excessive force used by Officer Varga, plaintiff suffered the loss of her liberty, physical injury to her wrists, severe mental and emotional distress, pain and suffering and a violation of her First Amendment rights to freedom of speech and assembly, her 4th Amendment to be free from arrest without probable cause and to be free from excessive force during the course of an arrest, and her right to equal protection guaranteed by the 5th and Fourteenth Amendment to the United States Constitution.

14. Plaintiff provided notice of her claims for false arrest, excessive force, and violation of his constitutional rights to the District of Columbia pursuant to D.C. Code Section 12-309 on or about August 5, 2020.

## COUNT ONE
## (FALSE ARREST)
## (OFFICER BRIANA VARGA, DISTRICT OF COLUMBIA)

15. Plaintiff incorporates all prior allegations contained in paragraphs one through fourteen by reference into paragraph fifteen of Count One.

16. By arresting plaintiff without legal justification, defendants falsely arrested plaintiff.

17. The District of Columbia is liable for the action taken by the Defendant police officer pursuant to the doctrine of *respondeat superior*.

18. As a result of the false arrest, plaintiff suffered the loss of her liberty and experienced severe mental and emotional distress.

## COUNT TWO
## (ASSAULT)
## (OFFICER BRIANA VARGA, DISTRICT OF COLUMBIA)

19. Plaintiff incorporates all prior allegations contained in paragraphs one through eighteen by reference into paragraph nineteen of Count Two.

20. The Defendant police office assaulted plaintiff by causing her to reasonably apprehend that he would be subjected to imminent harmful and offensive contact

21. The District of Columbia is liable for the action taken by the Defendant police officer pursuant to the doctrine of *respondeat superior*.

22. As a result of the assault, plaintiff suffered severe mental and emotional distress.

## COUNT THREE
## (BATTERY)
## (OFFICER BRIANA VARGA, DISTRICT OF COLUMBIA)

23. Plaintiff incorporates all prior allegations contained in paragraphs one through twenty-two by reference into paragraph twenty-three of Count Three.

24. The Defendant police officer battered plaintiff by touching her without her consent and without having legal justification for doing so.

25. The District of Columbia is liable for the action taken by the Defendant police officer pursuant to the doctrine of *respondeat superior*.

26. As a result of the battery, plaintiff suffered physical injuries and experienced pain and suffering.

## COUNT FOUR
## (VIOLATION OF FOURTH AMENDMENT RIGHTS)
## (ARREST WITHOUT PROBABLE CAUSE)
## (OFFICER BRIANA VARGA)

27. Plaintiff incorporates all prior allegations contained in paragraphs one through twenty-six by reference into paragraph twenty-seven of Count Four.

28. At the time that plaintiff was arrested, plaintiff had the right pursuant to 42 U.S.C. Section 1983 and the 4th Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that plaintiff was arrested.

29. While acting under color of state law, the Defendant police officer knowingly deprived plaintiff of her 4th Amendment right to be free from arrest without probable cause by arresting plaintiff without probable cause to believe that she had committed a crime.

30. As a result of the arrest without probable cause, plaintiff suffered the loss of her liberty and experienced severe mental and emotional distress.

## COUNT FIVE
## (VIOLATION OF FOURTH AMENDMENT RIGHTS)
## (EXCESSIVE FORCE)
## (OFFICER BRIANA VARGA)

31. Plaintiff incorporates all prior allegations contained in paragraphs one through thirty by reference into paragraph thirty-one of Count Five.

32. At the time that plaintiff was arrested, plaintiff had the right pursuant to 42 U.S.C. Section 1983 and the 4th Amendment to the United States Constitution to be free from the use of excessive force during the course of an arrest. This right was a clearly established right at the time that plaintiff was arrested.

33. While acting under color of state law, the Defendant police officer knowingly deprived plaintiff of her 4th Amendment right to be free from excessive force during the course of an arrest by using excessive force while arresting plaintiff.

34. As a result of the arrest without probable cause, plaintiff suffered physical injury and experienced pain and suffering.

## COUNT SIX
### (VIOLATION OF FIRST AMENDMENT RIGHTS)
### (FREEDOM OF SPEECH)
### (OFFICER BRIANA VARGA)

35. Plaintiff incorporates all prior allegations contained in paragraphs one through thirty-four by reference into paragraph thirty-five of Count Six.

36. At the time that plaintiff was arrested, plaintiff had the right pursuant to 42 U.S.C. Section 1983 and the 1st Amendment to the United States Constitution to freedom of speech. This right was a clearly established right at the time that plaintiff was arrested.

37. While acting under color of state law, the Defendant police officer knowingly deprived plaintiff of her 1st Amendment right to freedom of speech.

38. As a result of the deprivation of her First amendment rights, plaintiff experienced severe mental and emotional distress

## COUNT SEVEN
### (VIOLATION OF FIRST AMENDMENT RIGHTS)
### (FREEDOM OF ASSEMBLY)
### (OFFICER BRIANA VARGA)

39. Plaintiff incorporates all prior allegations contained in paragraphs one through thirty-eight by reference into paragraph thirty-nine of Count Seven.

40. At the time that plaintiff was arrested, plaintiff had the right pursuant to 42 U.S.C. Section 1983 and the 1st Amendment to the United States Constitution to freedom of assembly. This right was a clearly established right at the time that plaintiff was arrested.

41. While acting under color of state law, the Defendant police officer knowingly deprived plaintiff of her 1st Amendment right to freedom of assembly.

42. As a result of the deprivation of his First amendment rights, plaintiff experienced severe mental and emotional distress

## COUNT EIGHT
## (VIOLATION OF FIRST AMENDMENT RIGHTS)
## (EQUAL PROTECTION)
## (OFFICER BRIANA VARGA)

43. Plaintiff incorporates all prior allegations contained in paragraphs one through forty-two by reference into paragraph forty-three of Count Eight.

44. At the time that plaintiff was arrested, plaintiff had the right pursuant to 42 U.S.C. Section 1983 and the 5th and 14th Amendments to the United States Constitution to equal protection. This right was a clearly established right at the time that plaintiff was arrested.

45. While acting under color of state law, the Defendant police officer knowingly deprived plaintiff of his right to equal protection of the law by not permitting plaintiff to peaceably disperse prior to the time that he was arrested in the same manner as others accused of violating the District of Columbia's curfew laws

46. As a result of the deprivation of his 5th and 14th amendment rights, plaintiff experienced severe mental and emotional distress.

## DEMAND

WHEREFORE, plaintiff demands judgment in her favor and an award of compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00) and an award of punitive damages in the amount of Three Hundred Thousand ($300,000.00) plus costs.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully Submitted:

/s/ James A. DeVita
James A. DeVita, Esq, D.C. Bar #370578
2111 Wilson Blvd., Suite 700
Arlington, Virginia 22201
703-347-7180 (Phone)
703-347-7104 (Fax)
jdevitalaw@gmail.com
Attorney For Plaintiff